UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| HOWARD T. TYSON, SR., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 14-1780 (RMC) |
| WELLS FARGO BANK & CO., | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

Plaintiff Howard Tyson Sr., proceeding *pro se*, filed this suit in an effort to void foreclosure on his home located at 12018 Long Ridge Lane, Bowie, Maryland. He attempts to state a claim under the False Claims Act (FCA), 31 U.S.C. §§ 3729–33, but he makes no claims specifically against Defendant Wells Fargo Bank & Co. *See* Compl. [Dkt. 1] ¶¶ 4, 10; Surreply [Dkt. 11] at 1. Instead, he asserts generally that banks pooled mortgage loans into securities; that assignments of loans were lost; that there are an increasing number of inaccuracies in foreclosure cases; that his mortgage loan was pooled, securitized, and the subject of a fictitious assignment; and that after seeing the news on Fox and CNN he is "concerned" that Wells Fargo did not have the proper authority to foreclose on his property in Maryland. Compl. ¶¶ 23-31. Wells Fargo moves to dismiss for, *inter alia*, lack of subject matter jurisdiction. As explained below, the motion will be granted.

Even though pro se complaints are construed liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) and *United States v. Byfield,* 391 F.3d 277, 281 (D.C. Cir. 2004), this Court must have subject matter jurisdiction in order to adjudicate the claim. A complaint can be

1

dismissed for lack of subject matter jurisdiction, on motion by a party or by a court sua sponte at any time.  Fed. R. Civ. P. 12(b), (h)(3).

When determining whether a case should be dismissed for lack of jurisdiction, a court reviews the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged.  *Barr v. Clinton*, 370 F. 3d 1196, 1199 (D.C. Cir. 2004).  Nevertheless, a court "need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions."  *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006).  Further, in deciding whether it has jurisdiction, a court may consider materials outside the pleadings.  *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005).  No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is an Article III and statutory requirement.  *Akinseye v. Dist. of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003).  The party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists.  *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).

Mr. Tyson asserts federal question jurisdiction based on an FCA claim.  The FCA imposes civil penalties on any person who, among other things, knowingly submits a false claim for payment to the federal government.  31 U.S.C. § 3729.  The FCA's "chief purpose . . . is to prevent the commission of fraud against the federal government and to provide for the restitution of money that was taken from the federal government by fraudulent means."  *United States ex rel. Purcell v. MWI Corp.*, 824 F. Supp. 2d 12, 15–16 (D.D.C. 2011) (citation omitted).  Under the FCA, private parties, called relators, are permitted to sue for violations of the FCA in the name of the United States.  31 U.S.C. § 3730(b)(1).  The complaint, which is not initially served on the defendant, must be filed *in camera* and the case is placed under seal.  31 U.S.C.

§ 3730(b)(2). At the time of filing, the plaintiff-relator must serve the complaint on the United States and make "written disclosure of substantially all material evidence and information the [plaintiff] possesses." *Id.* Thereafter, the case is effectively stayed for sixty days, plus any extensions, while the United States determines whether it will intervene—that is, whether it will "proceed with the action, in which case the action shall be conducted by the Government; or . . . decline[ ] to take over the action, in which case the person bringing the action shall have the right to conduct the action." *Id.* § 3730(b)(4). If the government declines to intervene, the complaint is unsealed, and the plaintiff-relator may proceed with the case.

Because Mr. Tyson has failed to follow the proper procedures for service and filing of an FCA case, this case must be dismissed. *See, e.g., United States ex rel. Pilon v. Martin Marietta Corp.*, 60 F.3d 995, 999, 1000 (2d Cir. 1995) (dismissing FCA case with prejudice because failure to follow FCA procedural requirements irreversibly frustrated the purpose of the statute); *Walsh v. JPMorgan Chase Bank N.A.*, No. 14-cv-774 (ABJ), 2014 WL 6808629, at *5 (D.D.C. Dec. 4, 2014) (dismissing FCA case due to failure to follow statutorily-mandated procedure).

Also, this case must be dismissed because it is well established that a relator in a FCA case cannot proceed *pro se*. *Segelstrom v. Citibank, N.A.*, No. 14-cv-1071 (CKK), 2014 WL 6603202, at *8 (D.D.C. Nov. 21, 2014). The relator represents the interests of the United States, but a lay person cannot represent another party in court. *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (lay person cannot act as counsel for others). Mr. Tyson may not proceed *pro se* on behalf of the United States in this FCA case.

Furthermore, Mr. Tyson has failed to demonstrate subject matter jurisdiction because he alleges only information found in the public domain and the FCA bars individuals

from bringing suit based on information found in the public domain. An action based on publicly-disclosed information must be dismissed, unless the relator qualifies as an "original source" of the now-public information under the "public disclosure" rule:

> (A) *No court shall have jurisdiction* over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office Report, hearing, audit, or investigation, or from the news media, *unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.*
>
> (B) For the purposes of this paragraph, *"original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information.*

31 U.S.C. § 3730(e)(4) (emphasis added); *United States ex rel. Digital Healthcare, Inc. v. Affiliated Computer Servs., Inc.*, 778 F. Supp. 2d 37, 45 (D.D.C. 2011). "The jurisdictional requirements of the FCA involve assessing whether the allegations and transactions constituting the bases of the claims were publicly disclosed and whether, if they were, the relator is an original source—meaning that he has direct and independent knowledge of the information." *United States ex rel. Atkinson v Pennsylvania Shipbuilding Co.*, 473 F.3d 506, 515 (3d Cir. 2007). Jurisdiction is lacking when a relator makes allegations substantially similar to those in the public domain, regardless of the actual source for the information in the particular complaint. *Digital Healthcare*, 778 F. Supp. 2d at 45. This jurisdictional scheme represents a Congressional attempt to find "the golden mean between adequate incentives for whistle-blowing insiders with genuinely valuable information and discouragement of opportunistic plaintiffs who have no significant information to contribute of their own." *Id*. (quoting *United States ex rel. Springfield Terminal Ry. Co. v. Quinn*, 14 F.3d 645, 649 (D.C. Cir. 1994)). Mr. Tyson's FCA claims are based on information from the public domain and not on his own personal knowledge. He

asserts that he became concerned about foreclosure fraud after seeing news reports on Fox and CNN.  *See* Compl. ¶ 23.[1]

For the reasons stated above, the Defendant's motion to dismiss [Dkt. 7] will be granted and this case will be dismissed.  A memorializing Order accompanies this Opinion.

Date:  January 26, 2015                             /s/
ROSEMARY M. COLLYER
United States District Judge

---

[1] Note also that the specific fraud allegations set forth in the Complaint are copied from another suit.  *Compare* Compl. ¶ 6 *with United States ex rel. Szymoniak v. Am. Home Mortg. Servicing Inc.*, No. 10-cv-1465 (D.S.C. filed June 4, 2010) [filed here at Dkt.7-2].